(19 Misc. Rep. 156.)

CENTER v. EVERARD et al.

(Supreme Court, Appellate Term, First Department. January 25, 1897.)

FIXTURES—WHAT CONSTITUTES—CONTRACT AS TO ALTERATIONS.
Wainscoting, baseboards, and a paneled mahogany ceiling, attached to a saloon bar so as to form one piece with it, and a marble floor and water-closets, put into the saloon by a tenant, are fixtures, under a provision in the lease that alterations and improvements by the tenant shall be deemed permanently annexed to the freehold.

Appeal from First district court.

Action by Susan W. Center against James Everard and Sheridan Shook, sureties on a lease by plaintiff's assignor to Patrick Mallon and Hiram Becannon, to recover damages for a breach of covenant by lessees. From a judgment entered on a decision of the trial justice in favor of defendants, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Forster & Speir, for appellant.
D. M. Newberger, for respondents.

DALY, P. J. The defendants are sureties upon a lease which contained the covenant "that whatever alterations or improvements shall be made by the parties of the second part shall be deemed permanently annexed to the freehold, and become the property of the owners of the demised premises." The parties of the second part were the tenants, and they fitted up the premises as a saloon, at a cost of about $8,000, by putting in a paneled mahogany ceiling, connected with the bar fixtures and the side walls so as to constitute one piece, and by putting in a marble floor and toilet fix-

tures, with marble slabs and platforms.    After the expiration of
the lease, which was for the term of nine years and six months,
the tenants left the premises, and removed all the fixtures which
they had put in, including the ceiling, the wainscoting, baseboards,
marble platforms and slabs in the water-closets.  The action was
brought, not to recover the value of these fixtures, but for damages
caused to the premises by their removal; and the proof offered
was as to the value of restoring the floors, baseboards, water-closet,
and repairing the walls and ceiling, the whole expense being $158.-
05.    The defense relied upon was that the wood work and marble
work removed were part of the bar fittings, and were not fixtures
or alterations or improvements, under the provision of the lease;
and the statute of distribution is invoked, that "things annexed to
the freehold or to any building for the purpose of trade or manu-
facture, and not fixed into the wall of the house so as to be essen-
tial to its support," shall be deemed personal property.    2 Rev.
St. p. 83, § 7.    The defense also showed that the fixtures were re-
moved with as much care as was possible under the circumstances.

    Before the lease in question the premises had been used for a
saloon, and it is to be inferred from the evidence that such was
the use for which they were let to the new tenants.    Alterations
and improvements by the tenants were contemplated, and it was
deemed that they should "be deemed permanently annexed to the
freehold, and to become the property of the owners of the demised
premises."    The alterations and improvements made by the ten-
ants consisted of the ceiling, new floors, wainscoting for the side
walls, and marble water-closets.    That these were so constructed
that they formed one piece of work with the bar fixtures did not
deprive them of the character of alterations and improvements.
The point of defendants' argument seems to be that, as every-
thing was so connected, everything was removable, but the con-
trary effect would ordinarily follow.    If the bar fixtures were so
united to the ceilings and wainscoting as to constitute but one
piece, it would seem as if, under the provisions of the lease, such
fixtures became the property of the landlord, and under the cov-
enant, instead of the tenants being allowed to take away what
otherwise they would have been entitled to remove as personalty,
the landlord would be allowed to keep what otherwise she would
not have been entitled to retain as realty.    The provisions of the
statute have no application to the case, since they were superseded
by the express contract of the parties, which was evidently in-
tended to cover fixtures which ordinarily might not be deemed
permanent or annexed to the freehold within the statute.    New
ceilings and wainscot and new water-closets were undoubtedly
permanent improvements and within the covenant.    The ceilings
were composed of mahogany panels, fastened with screws in large
sections, which could not be detached without more or less tear-
ing away of the plaster.    The water-closets had to be removed in
order to take away woodwork which had been put in to cover the
walls.    If the tenants had put in the new ceiling, walls, and water-
closets as independent alterations or improvements, disconnected

43 N.Y.S.—27

with their bar fixtures, there would not be the shadow of claim that they did not pass under the covenant of the lease to the owners. By connecting the bar fixtures with them, so that the whole improvement constituted but one piece of work, the ceiling and other improvements were not converted into trade fixtures. The removal of the improvements of the property constituted a breach of the covenant, and the plaintiff should have had judgment for the very moderate damages which she claimed.

Judgment reversed; new trial ordered, with costs to the appellant to abide the event. All concur.