(75 App. Div. 176.)

### DURKEE v. POWELL.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. FIXTURES—WINDOW SHADES AND DOORS.

 Window shades and screen doors, used in connection with a house, are, as a matter of law, personalty, and not fixtures.

2. SAME—SALE—CHARACTER OF PROPERTY—ACTS OF PARTIES.

 Previous to a foreclosure of plaintiff's house defendant negotiated with plaintiff for the purchase of certain window shades and screen doors used in the house, in case defendant should buy at the sale. Purchase at the sale was made in the name of defendant's wife, and afterwards defendant, in the presence of his wife, agreed to purchase the shades and screens. Held that, even if the articles were not personalty as a matter of law, the actions of the parties gave them that character.

3. SALES—STATUTE OF FRAUDS—PARTIAL DELIVERY.

 Defendant agreed to purchase for $125 window shades and screen doors and some furniture used in a house formerly belonging to plaintiff, which defendant had purchased on foreclosure. The shades and screens alone were valued at $65. Plaintiff vacated the house, leaving all the property, of which defendant took possession. Defendant subsequently refused to pay for the shades and screens, claiming they were part of the realty, and plaintiff sued for their price. Held, that as all the goods were included in the one contract of sale, and as defendant received a part thereunder, there had been a partial delivery and acceptance, taking the sale out of the statute of frauds.

Appeal from trial term, Broome county.

Action by Florence E. Durkee against Edward E. Powell. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

In March, 1901, the plaintiff was the owner of a house and premises in the city of Binghampton. An action for the foreclosure of a mortgage on said house and premises had been begun, and a sale in said action was advertised to take place on the 24th day of March. A few days before the 24th day of March the defendant called on the plaintiff at her house, and endeavored to purchase the house and premises at private sale, but was unable to do so. In the house at that time were several window shades, fastened to the windows on rollers in the usual way. There were also on the third floor of the house certain window screens, wrapped in paper, which screens had been used in the windows of the house for a part of each year for two or three years prior to that time. On the window casings where these screens were used were small strips of wood fastened by slender brads, on which strips of wood the screens, when in use, could be moved up and down. The screens were painted to correspond with the woodwork of the interior of the house. In the cellar were several screen doors that had been used for a part of each year for two or three years in the doorways of the house. The defendant was at the plaintiff's house nearly every day before the foreclosure sale, for several days, and talked about the purchase of the shades, screens, and other articles in case he purchased the real estate on the foreclosure sale. Defendant then took a list of the different articles that plaintiff had to sell in case the real estate was sold, which list included the shades and screens. On said 24th day of March the real estate was purchased in the name of the defendant's wife, and subsequently, and on the same day, defendant went with his wife to the house, where he saw the plaintiff, and they looked over the different articles that plaintiff wanted to sell, and in the presence of his wife he agreed to

---

¶ 2. See Fixtures, vol. 23, Cent. Dig. § 5.

purchase the shades for $30, the screens for $35, and certain lace curtains, curtain poles, matting, and carpet, making a total amount of $125.25; and both plaintiff and defendant made a list of the articles so purchased, with the prices therefor, and defendant then stated to the plaintiff that he would bring his check to her for the amount the next time he came down. Defendant was at said house on each day thereafter for several days, and urged the plaintiff to hasten her removal from the house, and stated three or four times that he had forgotten to bring his check book with him. The plaintiff completed her removal from the house on March 30th, leaving in the house the shades, screens, and other articles that defendant had agreed to purchase of her. Plaintiff was about to remove from Binghampton, and requested payment of the amount due her, and defendant promised to bring the amount to her, and later in the day called on plaintiff at the house of a friend, and offered to pay her the amount of the bill, less the $65 agreed to be paid for the shades and screens, and stated that he had found that the shades and screens belonged to him, and that he did not have to pay for them. Thereafter payment for the articles other than the shades and screens was accepted, and the plaintiff brought an action against the defendant in justice's court to recover $65, the contract price of the shades and screens. Judgment was rendered in favor of the plaintiff. An appeal was taken to the county court, and a new trial demanded. A trial was had in the county court, and a verdict rendered in favor of the plaintiff for the amount agreed to be paid for the shades and screens, with interest, and a judgment entered therefor, and from such judgment and an order denying defendant's motion for a new trial this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

R. B. Richards, for appellant.
H. J. Kneeland, for respondent.

CHASE, J. There is no merit in the defendant's contention. The shades are personal property as a matter of law. Cosgrove v. Troescher, 62 App. Div. 123, 70 N. Y. Supp. 764. Assuming that window and door screens are not property which in their own nature determine their legal character, nevertheless the screens in dispute should be deemed personal property. Parties may by agreement control the legal character of property. The legal character of the screens mentioned has been fixed as between the parties hereto. The screens were not for continuous use, nor essential to the use and enjoyment of the doors and windows of the house. At the times mentioned they were not in actual use, but wrapped and stored. Before the sale they were openly declared by the plaintiff to be personal property, which she desired to sell in case the real estate was sold, and defendant, well knowing the plaintiff's claim in regard to them, included them in a list of other articles concededly personal property.

Plaintiff had a right to assume at the time of the sale that bids in the defendant's interest were made with the understanding that the shades and screens were not a part of the real estate, and the purchase was undoubtedly made with that understanding. After the sale the parties hereto, in the presence of the defendant's wife, in whose name the purchase was made at the foreclosure sale, in recognition and acceptance of the plaintiff's claim in regard to the screens, entered into an agreement for the purchase of the same, and the defendant should not now be allowed to assert that the articles so purchased were not personal property.

The sale should not be declared void, as being in conflict with the statute of frauds. If the sale of the several articles was one transaction, making the amount of the purchase more than $50, then a part, at least, of the articles so purchased were delivered and accepted under the contract. Defendant did not repudiate his agreement to purchase the shades and screens until plaintiff had wholly removed from the house and premises. He then forbade the plaintiff taking the shades and screens, and took possession from her of the house, including the shades and screens and other personal property, and has ever since retained the same. In doing so there was no reservation or condition relating to the shades and screens. They appear to have been delivered by the plaintiff with intent to vest the right of possession and ownership in the defendant, and their acceptance and retention by the defendant appears to have been with intent to take and hold the possession of them as owner. After defendant took possession of the house, including the personal property therein, the plaintiff ceased to have any real or apparent ownership in the shades and screens. Thereafter they were in the exclusive dominion of the defendant. The real contention between the parties relates to the legal character of the shades and screens. Defendant admits that he agreed to pay the $30 for the shades and $35 for the screens, but his reason for refusing to pay for them appears from the statement by him, subsequent to the plaintiff's removing from the house, in which he said that he had been told that day that the shades and screens belonged with the house, and that he did not have to pay the plaintiff therefor. The shades and screens, as between the parties to this action, being, as we have seen, personal property, the defendant should not be allowed to retain them under the delivery as made without paying therefor as agreed.

Judgment and order affirmed, with costs. All concur.