(56 Misc. Rep. 661.)

### JACOB v. KELLOGG.

#### (Supreme Court, Appellate Term. December 20, 1907.)

**1. BANKRUPTCY—SALE OF PROPERTY—RIGHTS OF PURCHASERS.**

Where the tenant of a building placed fixtures therein, the purchaser of the same from his trustee in bankruptcy acquired only such right to remove the fixtures as the tenant may have.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 374.]

**2. FIXTURES—CONVERSION INTO REAL ESTATE.**

The general rule is that fixtures cease to be personal property where they are firmly attached to the real estate, so that they cannot be removed without destroying or causing material injury to the realty, and where they are adapted to the use of the realty and it was the intention of the parties that they should be permanently annexed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, § 1.]

**3. SAME—FIXTURES AS BETWEEN LANDLORD AND TENANT.**

Where a tenant, occupying a building as a piano factory, installed a steam-heating plant in such a manner that its removal would cause serious injury to the realty, and the lease required the tenant to leave the premises in good condition, and the annexation of the plant to the realty was of a permanent nature, and it was peculiarly adapted to the use of the premises, the tenant was not entitled to remove it as personal property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, § 22.]

**4. SAME—TRADE FIXTURES.**

There is a presumption that, when articles are trade fixtures, which can be removed from place to place for use in a particular business, there is an intention on the part of the landlord and tenant that the attachment to the realty shall not be permanent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, §§ 23–29.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by C. Albert Jacob against Antoinette Kellogg. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Sullivan & Cromwell (Albert S. Ridley and Emery H. Sykes, of counsel), for appellant.

Wentworth, Lowenstein & Stern (Louis Lowenstein, of counsel), for respondent.

PER CURIAM. On May 1, 1901, defendant leased to one Charles Wessell the factory building, Nos. 222–224 East Thirty-Seventh street, in this city, for the manufacture of pianos, for a term of five years

and five months, commencing September 1, 1901, and ending February 1, 1907. The lease provided that the tenant should make all repairs at his own expense, and deliver up the premises at the end of the term in good order and condition, damages by the elements excepted. The said Wessell took possession of the premises under said lease, and told defendant he desired to make some necessary alterations in the building, to which proposition defendant consented. Wessell thereupon took the elevator car out of the building, enlarged the elevator shaft, installed a larger elevator, with attachments, and built partitions around it on each floor. He also installed a steam-heating plant, and put in some gas pipe, office partitions, a railing, and a stock room building. Subsequently, and in September, 1903, Wessell was adjudicated a bankrupt, and his trustee in bankruptcy sold his stock in trade and fixtures at public auction. The lease, with the consent of defendant, was assigned by the trustee to one Stevens, upon the guaranty by the plaintiff of the payment of rent by Stevens. The latter subsequently assigned the lease to plaintiff, who thereafter paid the rent to defendant. Plaintiff claims that the stock in trade and fixtures were sold in lots and purchased by him. On the expiration of the lease, the brother of plaintiff met defendant's representative at the factory, and told him that the plaintiff was going to take the fixtures out, whereupon they went through the building together and examined the fixtures; but defendant's representative refused permission to the plaintiff to remove the fixtures involved in this action. Upon the trial of this action, brought to recover the value of said fixtures, the court below decided that the elevator had become part of the realty, but that the steam-heating plant, consisting of boiler, pipes, radiators, and valves, still remained personal property, for the value of which steam-heating plant judgment was given in favor of the plaintiff. Defendant appeals.

The general rule is that fixtures cease to be personal property and become part of the realty where they are firmly attached to the realty in such a way that they cannot be removed without destroying or causing material injury to the realty, and where they are adapted to the use of the realty and it was the intention of the parties that they should be permanently annexed thereto. By his purchase of the steam-heating plant from the trustee in bankruptcy of said Wessell, plaintiff only acquired such rights and interest as Wessell may have had in said plant. Sisson v. Hibbard, 75 N. Y. 542. The only question presented in this case is one of fact, viz.: Was the steam-heating plant of such a character that it had become part of the realty, and therefore the property of defendant; or was this plant of such a character that it remained personalty, and therefore the property of the plaintiff? The great preponderance of evidence clearly shows that the plant was permanently annexed to the realty, and that its removal would cause serious injury thereto, and that it was peculiarly adapted to the use of the freehold; and, although there was no specific agreement between defendant and Wessell as to this plant, except as above stated, the nature of the plant and the requirements of the lease as to leaving the premises in good condition, and as to the repairs being made at Wessell's expense, indicate that it was the intention of the

parties that the plant should become part of the realty. It is true that there is a presumption that, when articles are trade fixtures, which can be removed from place to place for use in a particular business, there is an intention on the part of the landlord and tenant that the attachment to the realty shall not be permanent. But this steam-heating plant can scarcely be regarded as such a trade fixture, under the circumstances presented in the case at bar. It was a proper and usual part of the building for practically any purpose to which the building might be put, and had no peculiar use in Wessell's particular business. There is nothing in the record to indicate any special arrangement between Wessell and defendant, or between plaintiff and defendant, that this plant was to be regarded as personalty.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.