WEBBER v. FRANKLIN BREWING CO. et al.

(Supreme Court, Appellate Division, First Department. January 24, 1908.)

1. FIXTURES—BETWEEN LANDLORD AND TENANT—TRADE FIXTURES.

A bar, back bar, mirrors, a hand and foot rail, screens, summer doors, an ice box, radiators, partition doors, chandeliers, and chairs, placed by a tenant in a building leased to him for saloon purposes, were trade fixtures, which the tenant was entitled to remove; it not appearing that any of the articles were so affixed to the realty that they could not be readily removed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, § 27.]

2. SAME—LEASE—CONSTRUCTION—RIGHT TO REMOVE TRADE FIXTURES.

A lease for saloon purposes provided that at the end of the lease the tenant would surrender the premises, with all improvements and repairs thereon, without expense to the landlord, and that all improvements and alterations in the premises should belong to the landlord when so made, and treated as fixtures annexed to the freehold; the tenant further agreeing to make certain alterations. The tenant made very extensive alterations and repairs to the building, costing upwards of $13,000. Held, that it was these contemplated alterations and improvements which the tenant agreed to surrender, and not ordinary, easily removable, trade fixtures, such as a bar, back bar, mirrors, chandeliers, an ice box, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fixtures, § 62.]

Appeal from Trial Term.

Action by Joseph M. Webber against the Franklin Brewing Company and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Joseph Rosenzweig, for appellant.
Henry F. Cochrane, for respondents.

SCOTT, J. The plaintiff appeals from a judgment dismissing his complaint after both parties had rested. The appeal is from the judgment only. Neither party requested to go to the jury, and no motion was made for a new trial. The action is to recover the value of certain articles which were removed from the premises, 157 Bleecker street, in the city of New York, to which plaintiff claims title. On July 13, 1899, the plaintiff leased the said premises to one Berti for a term of four years, with the privilege to the tenant to extend the term of the lease to ten years. Berti was a collector for the Malcolm Brewing Company, and apparently acted as a dummy for that company. At all events that company at its own expense extensively altered and improved the property and put in the articles which are the subject of this action. The premises were leased to be used and occupied as a saloon or lawful place of amusement and for dwelling purposes. The articles which the defendant removed consisted of a bar and back bar and three mirrors, one hand and foot rail, two screens, four summer doors, one ice box, three large radiators and three small ones, three partition doors, two window screens, six large chandeliers, and two window chandeliers, with gas and electric fixtures, and some chairs and bottles. It does not appear that any of

these articles were so affixed to the realty that they could not readily be removed. In due course the respondent Franklin Brewing Company became the owner of the lease, and acquired whatever right or title Berti or the Malcolm Brewing Company had to the fixtures above described.

In April, 1904, the plaintiff began summary proceedings to dispossess the tenants for nonpayment of rent, and it was pending these proceedings that the articles were removed. We consider that the court below properly held that the articles constituted "trade fixtures," which have been defined to mean property placed by a tenant on rented realty to advance the business for which the realty was leased, and which may, as against the lessor and those claiming under him, be removed at the end of the lessee's term. Herkimer County L. & P. Co. v. Johnson, 37 App. Div. 257–263, 55 N. Y. Supp. 924. It may be that among the property removed there were some articles of minor value, which were not strictly trade fixtures; but the attention of the court was not specifically called to them below, and no request was made for a verdict respecting them. The plaintiff relies upon certain clauses in the lease whereby the tenant agrees that at the end of the term he will surrender the premises with "all improvements and repairs thereon without charge or expense" to the landlord, and that "all improvements and alterations which may be put, placed, or made in or upon said premises shall belong to and become the property of the party of the first part [landlord] when so made, and treated as fixtures annexed to the freehold." We do not consider that the words above quoted should be held to apply to the trade fixtures which are involved in this action.

By the same lease the tenant agreed that he would make certain alterations to the premises according to plans and specifications then on file in the department of buildings. The Malcolm Brewing Company made very extensive alterations and repairs to the building, which were certainly improvements and cost upwards of $13,000. The fair and reasonable construction to be given to the lease is that it was those contemplated alterations and improvements which the tenant agreed to surrender without charge or expense to the landlord, and not the ordinary, easily removable, trade fixtures, which in no proper sense were alterations or improvements to the building.

The judgment must be affirmed, with costs. All concur.