(65 Misc. Rep. 31.)

### UNITED BOOKING OFFICES v. PITTSBURGH LIFE & TRUST CO.

(Supreme Court, Appellate Term. November 12, 1909.)

1. FIXTURES (§ 15*)—LANDLORD AND TENANT—IMPROVEMENTS—"FIXTURES."

Partitions, which did not reach to the ceiling, and were lightly nailed to the floor and walls, put in the rooms of an office building by the lessee for the benefit of his business, were practically trade fixtures, and not "fixtures" technically, so as to make them annexed to the realty.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 26; Dec. Dig. § 15.*

For other definitions, see Words and Phrases, vol. 3, pp. 2831–2846; vol. 8, p. 7664.]

2. FIXTURES (§ 15*) — "IMPROVEMENTS" BY TENANT — "MOVABLE OFFICE FURNITURE."

The lease required the lessee of rooms in an office building to surrender the premises in as good condition as reasonable use permitted, and provided that all alterations, additions, or improvements made by either party, except movable office furniture put in by the lessee, should be surrendered to the lessor as a part of the premises. The lessee removed some of the permanent partitions with the lessor's consent, agreeing to restore them at the termination of the lease, and constructed temporary partitions, which did not extent to the ceiling, and were lightly nailed to the floor and walls, and at the termination of the lease the permanent partitions were restored. *Held*, that the reasonable intention of the parties was the test of whether fixtures were annexed to the realty, and the word "improvements" alone, though of wider meaning than "fixtures," did not include the temporary partitions; and, construing the word in connection with the exceptions in the lease, and in view of the intention shown thereby that such partitions should not be permanently annexed, they were not "improvements," but were "movable office furniture," within the meaning of the lease, and removable by the lessee.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. § 26; Dec. Dig. § 15.*

For other definitions, see Words and Phrases, vol. 4, pp. 3454–3459; vol. 4, pp. 3013–3016.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the United Booking Offices against the Pittsburgh Life & Trust Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Henry A. Rubino, for appellant.

Maurice Goodman (David Steinhardt, of counsel), for respondent.

LEHMAN, J. The plaintiff leased a series of rooms and a corridor in an office building belonging to the defendant for the term of one year from May 1, 1908. The lease contained a clause providing as follows:

"Said lessee shall quit and surrender said premises at the end of said term in as good condition as the reasonable use thereof will permit, and shall not make any alterations, additions, or improvements in said premises without the written consent of said lessor, and all alterations, additions, or improvements which may be made by either of the parties hereto upon the premises,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

except movable office furniture put in at the expense of the lessee, shall be the property of the said lessor, and shall remain upon and be surrendered with the premises as part thereof at the termination of this lease, without disturbance, molestation, or injury."

The rooms were divided by permanent partitions, but the plaintiff desired to subdivide the space which it had rented in a different manner. For this purpose the plaintiff erected a number of partitions, which the witnesses describe as "sectional," "interchangeable," and "movable." At the expiration of the lease, the lessee claimed that these partitions remained its property. It appears that, when these partitions were put in place, it became necessary to remove some of the permanent partitions, and in April, 1908, the plaintiff agreed that, in consideration of permission to remove the permanent partitions, it would—

"restore at its own cost and expense all of said partitions and material, and any other partitions or material which they may remove, to its original condition, after having obtained the written consent of the Pittsburgh Life & Trust Company, or its agents, on request, at least two weeks before termination of the existing lease of the premises, or any extension or modification thereof."

The plaintiff thereafter removed the permanent partitions and erected the temporary partitions. These did not extend to the ceiling and were apparently rather lightly nailed to the floor and walls. At the termination of the lease the permanent partitions were replaced, the sectional partitions were taken up, and the holes left by the nails filled in.

These sectional partitions were put in for the benefit of the lessee's business, and are practically trade fixtures, and cannot be considered as "fixtures" to the real estate in a technical sense. The word "improvements" alone would also be insufficient to include these partitions, although it is of wider significance than "fixtures"; for they were not so connected with the premises that they could fairly be considered to have been erected for the benefit of the premises. Webber v. Franklin Brewing Co., 123 App. Div. 465, 108 N. Y. Supp. 251. The sole serious question in this case is whether the words "except movable office furniture" enlarge the meaning of the words "alterations, additions, or improvements" sufficiently to include these partitions. Obviously, the exception is meaningless, unless we give the words "alterations, additions, or improvements" a wider significance than they usually possess; but, even though we give them the widest possible significance, they could not reasonably include such "movable office furniture" as desks, chairs, and bookcases. Therefore the words "movable office furniture" must also be given an interpretation so wide that conceivably they might be included in the larger words, unless specifically excluded. It seems to me that, when we apply these considerations to the interpretation of the clause in question, we must hold that even office partitions are to be considered "movable office furniture," if the parties never intended them to remain in their position, but contemplated that during or at the end of the term they should be removed. The test in all cases is whether the parties could reasonably have considered them as annexed to the building. If the parties could not have reasonably intended such an annexation, then,

even though they are held down by nails, they still remain "movable."

Applying this test, we have held in the case of Bigalke & Eckert Co. v. Wm. Knabe Mfg. Co. (officially unreported, decided at this term) 119 N. Y. Supp. 1114, that partitions of a similar type were not "movable office furniture" within the meaning of the exception in a clause of a lease reading like the one now in question. In that case some of the partitions extended to the ceiling, and they were apparently erected in a very substantial manner, because the work of installation occupied two weeks. Under those circumstances we felt constrained to hold that the parties did not contemplate a condition so temporary in its nature that the partitions still retained their original movable character. In this case, however, there is not only less evidence of any intention to make a permanent annexation, because there is no testimony that the partitions required much labor to erect, and the partitions were lower, and not attached to the ceiling; but there is affirmative evidence that the parties contemplated no permanent annexation. The lessor required the restoration of the premises to their original condition, and the lessee has complied with that requirement. Under these circumstances we cannot hold that these partitions were an "improvement" within the meaning of the lease, but are constrained to hold that they fall within the express exception.

The judgment should therefore be affirmed, with costs. All concur.