McOWEN v. ZIMMERMAN et al.

(Supreme Court, Appellate Term. February 1, 1912.)

FIXTURES (§ 15*)—LANDLORD AND TENANT—STEAM-HEATING PLANT.

A steam-heating apparatus, including a heater, two radiators, piping, coil, and tanks, installed by a tenant on premises used as a store and office, were not trade fixtures, but became a part of the realty, not removable by the tenant.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 23–29; Dec. Dig. § 15.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Anthony McOwen against Albert Zimmerman and another. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued November term, 1911, before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Adolph & Henry Bloch (Charles E. Travis and George W. Smyth, of counsel), for appellants.

Bernard S. Deutsch, for respondent.

PENDLETON, J. The action was for conversion by the defendants of certain personal property. The whole question turns on whether or not the articles were so affixed to defendants' realty as to become fixtures attached thereto. It appeared at the trial that the plaintiff was a tenant under lease of certain premises used for store and office purposes. The plaintiff sublet a portion of the premises. Two subtenants during the term of the lease installed upon the premises a steam-heating apparatus, including a heater, two radiators, and the necessary piping, coil, and tanks to complete a steam-heating plant for use therein, and also some electrical fixtures or apparatus. A marble wash-basin on the premises was included in the complaint; but this was put in by a prior tenant, and that part of the claim was certainly not established. Judgment was rendered for the plaintiff for $100. How this amount was arrived at does not appear. Plaintiff testified that he acquired title to the articles claimed under a parol arrangement between himself and the two subtenants. After the expiration of the lease the plaintiff continued to occupy the premises under some arrangement, the details of which do not appear. On moving out the plaintiff took away certain of the above articles, including the radiators and some of the piping. The defendant in turn caused these to be taken possession of and returned to the premises, and refused to allow plaintiff to take away the remaining articles claimed, and this is the basis of the claim for conversion.

There is much doubt as to the sufficiency of the evidence offered by the plaintiff to show title; but it is not necessary to decide that question, in view of the conclusions here arrived at. It appeared that the heater was installed in the cellar, and the radiators in the

office or store, and connected by piping with the heater. The electric fixtures or apparatus were connected with the electric light wires on the premises. In the case of Jacob v. Kellogg, 56 Misc. Rep. 661, 107 N. Y. Supp. 713, it was held that boiler, pipes, radiators, and valves, installed by a tenant, as a steam-heating plant, in a piano factory, were not trade fixtures, and became part of the realty, and could not be removed by the tenant. See, also, Matter of the City of New York, 101 App. Div. 527, 92 N. Y. Supp. 8; Mechanics' & Traders'. Bank v. Bergen Heights Realty Corporation, 137 App. Div. 45, 122 N. Y. Supp. 33. Under these decisions and the evidence in the case the articles in question, used as a part of the steam-heating plant, were not trade fixtures, but became part of the realty, and were not removable by the tenant.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.