CENTURY HOLDING COMPANY, Plaintiff, *v.* PATHE EXCHANGE, INC., Defendant.

First Department, February 17, 1922.

Landlord and tenant — leases — tenant may remove own movable office partitions under lease allowing removal of " movable office furniture."

A tenant of offices under leases which provide that " all alterations, additions or improvements which may be made by either of the parties hereto upon the premises, except movable office furniture put in at the expense of the tenant, shall be the property of the landlord," may remove from the premises sectional movable partitions put in by him, though in order to erect them it was necessary to drill holes in the cement floors and in the walls and ceilings, where he, by repairing, at his own expense, leaves the premises undamaged.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Stein & Salant* [*Louis Salant* of counsel; *Joseph J. Cunningham* with him on the brief], for the plaintiff.

*Coudert Brothers* [*Thomas W. Kelly* of counsel; *Frederic R. Coudert* with him on the brief], for the defendant.

GREENBAUM, J.:

The facts stipulated are that the defendant was the tenant in occupation of the entire eleventh and twelfth floors of premises 25 West Forty-fifth street, New York city, under two separate leases. Each lease contains a clause which reads as follows:

" *Second.* Said tenant shall quit and surrender said premises at the end of said term in as good condition as the reasonable use thereof will permit, and shall not make any alterations, additions or improvements to said premises without the written consent of the landlord or the landlord's agent, *and all alterations, additions or improvements which may be made by either of the parties hereto upon the premises, except movable office furniture put in at the expense of the tenant, shall be the property of the landlord, and shall remain upon and be surrendered with the premises as a part thereof at the termination of this lease, without hindrance, molestation or injury.* Any injury caused by moving said movable furniture in and out shall be repaired by the landlord at the tenant's cost." (Italics ours.)

Appended to the leases is a diagram, showing partitions, which contains the following words: " Subdividing partitions will be put in to suit the requirements of tenants."

It is agreed that the foregoing reference to " partitions " was " understood by the parties to refer to certain solid plaster-block partitions which were duly put in by plaintiff and are in no wise involved in the present action and controversy."

Subdivision " 7 " of the submission reads in part as follows: " 7. After the making of said respective leases and from time to time after the defendant entered into possession and occupancy of said eleventh and twelfth floors under said leases, the defendant, at its own cost and expense, for the uses and purposes of the defendant's business, set up at various places within the demised premises certain partitions commonly known as sectional movable and interchangeable partitions. Said partitions were made partly of wood and partly of glass, and some of the same extended from the floor to the ceiling, and some from the floor to a height of seven feet."

The same subdivision also gives a detailed description of the manner of installation of the partitions under consideration, which it is unnecessary to detail, excepting to state that the installation required certain drilling of holes, among them drilling of " holes of a diameter varying from one-quarter to one-half of an inch * * * drilled in the cement floors to a depth of from one to one and one-half inches, at intervals of about three feet along the proposed location of said partitions, and wooden plugs were inserted in said holes flush with the floor."

It also appears that the partitions were fastened by means of wire finishing nails driven into the plugs, one nail into each plug. The submission also contains the following statement: " The holes drilled in the floors, side walls and ceilings of the demised premises, as aforesaid, were susceptible of being filled and obliterated and have all been filled and obliterated in a workmanlike manner by the defendant at its expense and no injury or damage was caused to the demised premises by or has resulted from the making of said holes."

It is also conceded as a fact that, upon the expiration of the lease, the " defendant, without the consent and against the objections and protests of plaintiff, removed from the said premises the said partitions theretofore erected and installed by defendant as aforesaid, and defendant has ever since retained and now retains the said partitions and is using the same for its own purposes."

The question submitted is whether the partitions erected and installed by the defendant became by virtue of the provisions of the leases the property of the landlord, or whether they remained the property of the tenant.

Both the parties recognize the common-law rule which gives the tenant the right to remove business fixtures, and they agree that the question before us involves the interpretation of the leases, and particularly the interpretation of that portion of the 2d paragraph of each lease, which provides for a surrender of the premises in good condition, and that the tenant " shall not make any alterations, additions or improvements to said premises without the written consent of the landlord or the landlord's agent, and all alterations, additions or improvements which may be made by either of the parties hereto upon the premises, except movable office furniture put in at the expense of the tenant, shall be the property of the landlord," etc.

If the words " movable office furniture " in the lease were intended to be limited to such furniture as chairs, desks, tables or other personal property which is not in any wise affixed to the building, it is difficult to understand why any reference to such furniture should have been made in a lease.  It seems to us that the word " furniture " must be given a meaning broad enough to embrace any movable equipment installed in the office to facilitate the transaction of the tenant's business, and that the words " movable office furniture " shall be deemed as synonymous with the words " movable fixtures," as distinguished from fixtures which are so affixed to the realty that their removal would deface or injure the walls, ceilings or floors.

The stipulation concedes that the partitions ·in question are

" commonly known as sectional movable and interchangeable partitions," and that after the partitions were removed, the floors, side walls and ceilings were left in such a manner that no injury or damage was caused to the demised premises, a condition brought about at the expense of the defendant.

In 20 Cyc. (p. 865, note 34) it is stated: " Applied to an office, the term [furniture] must include everything which is necessary for the furnishing of such office for the purpose of transacting such business as may be properly done therein; the equipments of an office or public building."

In volume 4, Words and Phrases (1st series) at page 3013, the word " furniture " is defined as follows: " Furniture ordinarily means that with which anything is supplied; the equipment or the outfit of a trade or business; whatever may be supplied to a stock of goods or to a business to make it convenient, useful or gainful; " and at page 3016 the following description is given: " The articles, utensils, implements, etc., used in these various connections, as also those used in a drug or other store as the furniture thereof, differ in kind according to the purposes which they are intended to subserve; yet, being put and employed in their several places as the equipment thereof, for ornament, or to promote comfort, or to facilitate the business therein done, and being kept or intended to be kept for those or some or one of those purposes, they pertain to such places respectively and collectively constitute the furniture thereof."

In *McKeage* v. *Hanover Fire Insurance Company* (81 N. Y. 38) the question involved was whether the mirrors retained their character as personal property. The mirrors were kept in place by hooks and supports, some fastened with screws into the woodwork, and others driven into the wall, and all capable of being easily detached without injury to the walls. The court there said: " All these articles were, in their nature, mere furniture, and, therefore, chattels, and not appurtenances to the building."

Cases are cited by the plaintiff which may be readily distinguished. Such a case is *Levin* v. *Improved Property Holding Co.* (141 App. Div. 106) which learned counsel for plaintiff says " is on all fours with the case at bar." In that case the landlord leased a room in a large building under a lease which counsel states contained a provision identical with the provisions of the leases in the instant case, excepting that it did not contain the qualifying clause " except movable office furniture put in at the expense of the tenant." In other words, it excepts one of the vital elements that enter into the interpretation of the lease before us. Besides, the language

in that lease was that the tenant " will not make any alterations, *changes,* additions to or improvements in said premises, or any part thereof, without the written consent of the party of the first part." The court in that case based its opinion upon the special language of the lease which it was construing.

In the case of *United Booking Offices* v. *Pittsburgh Life & Trust Co.* (65 Misc. Rep. 31) the lease contained the words, " except movable office furniture," which the court interpreted as including office partitions, where such intention may be gathered from the language of the lease.

We are of the opinion that the defendant is entitled to judgment.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment ordered for defendant, with costs. Settle order on notice.