In the Matter of the CITY OF NEW YORK, Petitioner, Relative to Acquiring Title to Real Property Required for Seward Park Slum Clearance Project, Bounded by Grand Street and Other Streets, in the Borough of Manhattan. 339 GRAND STREET CORPORATION, Appellant; J. S. GARLICK PARKSIDE MEMORIAL CHAPELS, INC., Respondent.

First Department, May 24, 1960.

*Robert J. Randell* of counsel (*Nathan L.* and *Joseph Z. Goldstein*, attorneys), for appellant.

*Arthur D. Goldstein* of counsel (*M. B. Rhine*, attorney), for respondent.

*Charles H. Tenney, Corporation Counsel,* for petitioner.

RABIN, J. In this condemnation proceeding the trial court awarded the sum of $7,000 to the tenant of one of the damage parcels for the taking of trade fixtures. The owner of the parcel appeals contending that inasmuch as it owned such fixtures it was entitled to the award.

At the time of the acquisition of the real property by the city on November 29, 1957, the premises were occupied by the tenant for a funeral parlor business on a month-to-month basis. The last lease between the parties expired on April 30, 1957, following a prior three-year lease which expired on April 30, 1954. Both of these leases contained the following clause: "FIFTH. That on the last day of the said term, or on the sooner determination of the estate herein granted, the lessee shall peaceably and quietly leave, surrender and yield up unto the lessor, all and singular the demised premises, together with all alterations, additions and improvements which may have been made by either of the parties hereto upon the premises, excepting movable furniture put in at the expense of the lessee, and the lessee shall surrender said premises in their present state and condition, reasonable wear and tear thereof excepted."

The landlord bases its claim on two grounds. First, it argues that the tenant, by entering into the second lease without having expressly reserved title to the fixtures, thereby surrendered them to the landlord. In support of this position it relies upon *Loughran* v. *Ross* (45 N. Y. 792). Second, it urges that title to the fixtures passed to it under clause "FIFTH" of the lease.

We need not pass upon the effect of the tenant's failure to reserve title to the fixtures because under the lease, as we construe it, the landlord would receive all it claims to be entitled to by reason of such failure.

A substantially identical lease provision to the one here present was construed by this court in *Century Holding Co.* v. *Pathe Exch., Inc.* (200 App. Div. 62). The pertinent provisions of the clause in that case were as follows: " all alterations, additions or improvements which may be made by either of the parties hereto upon the premises, except movable office furniture put in at the expense of the tenant, shall be the property of the landlord, and shall remain upon and be surrendered with the premises as a part thereof at the termination of this lease ". There, while concluding that title to office partitions remained in the tenant, the court held that property, the removal of which " would deface or injure the walls, ceilings or floors ", belonged to the landlord.

It follows, therefore, that if the award here in question covered only such fixtures as were attached to the realty in such manner that their removal " would deface or injure the walls, ceilings or floors " then, of course, the award properly belongs to the landlord. And, if it were the law that an award in condemnation could not be made except for fixtures of that nature then we would be willing to assume that the trial court followed the law and we would be obliged to decide for the landlord. However, it seems that an award in condemnation may also be made for property, albeit readily removable without damage to the freehold, if such property were used for business purposes and would lose substantially all of its value after severance (*Matter of City of New York [North Riv. Water Front]*, 118 App. Div. 865, affd. 189 N. Y. 508).

Thus, a proper determination cannot be made in this case unless we know whether the award was limited to such fixtures as belonged to the landlord or whether it also covered fixtures as the tenant had a right to remove but which, if removed, would lose substantially all of their value.

An examination of the inventory of fixtures submitted by the tenant on behalf of its claim discloses that it contains items in both categories. Inasmuch as the trial court made no specific findings in this respect we are unable to assess the propriety of the award. It will, therefore, be necessary for the trial court to make more complete findings with respect to these matters and, if it deems it necessary, to take further proof in connection therewith.

Accordingly, the final decree should be modified on the law and in the exercise of discretion to the extent of striking therefrom the provision which grants to the respondent the sum of $7,000 and the matter should be remanded for further proceed-

ings in accordance with this opinion, with costs to abide the event.

BREITEL, J. P., VALENTE, MCNALLY and STEVENS, JJ., concur.

Final decree unanimously modified on the law and in the exercise of discretion to the extent of striking therefrom the provision which grants to the respondent the sum of $7,000 and the matter remanded for further proceedings in accordance with the opinion filed herein, with costs to abide the event. Settle order.