■ TOMPKINS MEDICAL OFFICE BUILDING ASSOCIATES, L.P., Appellant-Respondent, v EVAN MELTZER, Respondent-Appellant. [656 NYS2d 553] —Carpinello, J. Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered September 5, 1996 in Tompkins County, which, *inter alia*, partially granted plaintiff's motion for summary judgment.

The origin of the dispute in this case is defendant's early vacatur of a leasehold on plaintiff's premises and his simultaneous removal of various items from the premises. Beginning in 1986, plaintiff leased professional office space located in the City of Ithaca, Tompkins County, to defendant, a podiatrist; the final renewal of their lease covered the period beginning September 1, 1991 and ending December 31, 1994. The lease contains a standard "no oral modification" provision (*see*, Lease § 28.02). The lease also contains a provision permitting subleasing, but only with plaintiff's "prior written consent" (*see*, Lease § 11.01).

By letter dated August 25, 1994, defendant advised plaintiff that he would not be renewing the lease and that two other physicians had "indicated an interest in subletting [his] space prior to the expiration of [the] lease". Defendant further informed plaintiff that he expected to vacate the premises "on or about October 1, 1994". It is undisputed that no sublease was ever entered into and that defendant vacated the premises prior to October 1994, taking with him, *inter alia*, cabinets, sinks and countertops. It is also undisputed that no written consent for an early termination of the lease was ever signed by plaintiff.

Plaintiff commenced this action seeking rent for the last three months of the lease, as well as damages resulting from defendant's removal of the subject items. Following discovery, plaintiff moved for summary judgment on its claim for unpaid rent and on the issue of defendant's liability with respect to the removal of these items. Defendant cross-moved to dismiss that portion of the complaint seeking damages for their re-

moval. Supreme Court, finding no question of fact concerning defendant's early termination of the lease, granted summary judgment to plaintiff for unpaid rent and denied all other aspects of plaintiff's motion and defendant's cross motion. Both parties appeal.

It is undisputed that there was no written modification of the lease entered into between the parties (*see, e.g., Two Wall St. Assocs. Ltd. Partnership v Anderson, Raymond & Lowenthal*, 183 AD2d 498). Where, as here, parties to a written agreement have included a proscription against oral modification and, specifically, an oral agreement to terminate the lease, they are protected by General Obligations Law § 15-301 (1) and (2). Defendant attempts to avoid the express lease requirements by invoking the doctrine of estoppel (*see, e.g., Rose v Spa Realty Assocs.*, 42 NY2d 338, 344). He claims that he relied on oral assurances from plaintiff's president that he could terminate his lease early.

Even if representations made by plaintiff's president could be construed as oral assurances that defendant was permitted to terminate the lease early, defendant was aware that he would be liable on the lease if his space was not subletted. Defendant testified at his examination before trial that he believed his early termination of the lease would be advantageous to both him and plaintiff because other physicians had expressed an interest in subletting the space. He admitted, however, that this was "provided of course that [these physicians] would in fact sublease [his] space". He also admitted that it was left up to him "to work out whatever deal [he] could with [the physicians] to have them pick up the balance of [the] lease".

Significantly, no sublease was ever consummated with plaintiff's written consent and defendant vacated the premises without obtaining a signed writing authorizing his early termination. In light of these facts, defendant could not have justifiably relied on any oral assurances made by plaintiff's president. Accordingly, these circumstances do not give rise to an estoppel (*see, e.g., Bank of N. Y. v Spring Glen Assocs.*, 222 AD2d 992, 994; *Mitchell & Titus Assocs. v Mesh Realty Corp.*, 160 AD2d 465; *American Bartenders School v 105 Madison Co.*, 91 AD2d 901, 902, *affd* 59 NY2d 716; *Youz Films v Just Born*, 69 AD2d 778), and Supreme Court did not err in granting that portion of plaintiff's motion seeking unpaid rent.

We further conclude that Supreme Court correctly found that a question of fact exists concerning whether the items removed from the premises by defendant qualify as "movable

office furniture" (Lease § 6.04),* as that phrase has been defined in *Century Holding Co. v Pathe Exch.* (200 App Div 62) since questions of fact exist as to whether the premises were materially injured by the removal. Contrary to plaintiff's contention, Supreme Court did not interpret section 6.04 of the lease so as to render the last sentence of that provision superfluous. There is a clear distinction between items that are trade fixtures (*see, e.g., Chittenden Falls Realty Corp. v Cray Val. Prods.*, 208 AD2d 1114, 1115; *J.K.S.P. Rest. v County of Nassau*, 127 AD2d 121, 125-126; *N & S Decor Fixture Co. v V.J. Enters.*, 57 AD2d 890) and movable office furniture (*see, Century Holding Co. v Pathe Exch., supra*, at 64), the former requiring a showing that property annexed to a structure was for the purpose of carrying on a party's trade or business.

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

---

* This section provides, as relevant here, that "except for movable office furniture of Tenant, any * * * alterations made in or upon the Premises, either by Tenant or Landlord, shall be Landlord's property and shall remain upon the Premises at the termination of the term of this Lease, without compensation therefor to Tenant. Provided, however, that in the event Landlord shall terminate this lease prior to the expiration of the original term hereof or any extension hereof by option or otherwise, Tenant shall be permitted to remove only its trade fixtures, so long as Tenant shall restore the Premises to good condition immediately subsequent thereto."