■ State Division of Human Rights, on Complaint of Jerry W. Baldwin, Petitioner, v St. Joseph's Hospital Health Center, Respondent. — Determination unanimously confirmed and petition dismissed, without costs *(see, State Div. of Human Rights v Ingersoll-Rand Co.,* 106 AD2d 917). (Proceeding pursuant to Executive Law § 298.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.

■ Robert Walker et al., Respondents, v Town of Lockport et al., Defendants, and Dickinson's Equipment, Inc., et al., Appellants. — Order unanimously reversed, without costs, and appellants' motions to dismiss granted. Memorandum: It was an abuse of discretion for Special Term to excuse plaintiffs' failure to comply with defendants' CPLR 3216 demand to file a note of issue. "In order to defeat a CPLR 3216 motion to dismiss for failure to prosecute, a party must show 'justifiable excuse for the delay and a good and meritorious cause of action' (CPLR 3216, subd [e]). The affidavit of merit must contain evidentiary facts which establish a viable cause of action; it must be 'as good as the kind of affidavit which could defeat a motion for summary judgment on the ground that there is no issue of fact' *(Sortino v Fisher,* 20 AD2d 25, 32)" *(Jones v First Fed. Sav. & Loan Assn.,* 101 AD2d 1005). Inasmuch as plaintiffs filed no answering papers in response to defendants' motion, they have established neither a justifiable excuse for the delay nor that their cause of action has merit. (Appeals from order of Supreme Court, Niagara County, Cook, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.