■ FREDERICK WALDRON et al., Respondents, v LA GUARDIA MEDICAL GROUP et al., Defendants, and Y. HAHN et al., Appellants. — In an action to recover damages for medical malpractice, defendants Y. Hahn and John Ohnysty appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Young, J.), dated October 4, 1983, as, (1) upon purportedly denying that branch of their motion which sought renewal of plaintiffs' prior motion for leave to enter a default judgment but, in effect, granting that branch of their motion which sought renewal, adhered to its original determination dated June 24, 1983 granting plaintiffs' motion, and (2) denied that branch of appellants' motion which sought vacatur of their default.

Order reversed, insofar as appealed from, as a matter of discretion, without costs or disbursements, and, upon renewal, order dated June 24, 1983 vacated, plaintiffs' motion for leave to enter a default judgment denied, and that branch of appellants' motion which sought vacatur of their default granted, on condition that each appellant pays plaintiffs $2,000 within 30 days after service upon him of a copy of the order to be made hereon, with notice of entry. In the event either appellant fails to comply with this condition, then order affirmed as to that appellant, with costs.

Despite its ostensible denial of appellants' motion to "renew and/or reargue", the subsequent language of its order indicates

that Special Term did in fact consider appellants' and their counsel's newly submitted affidavits dated July 26, 1983. Thus, Special Term must be deemed to have exercised its discretion to grant renewal (*Esa v New York Prop. Ins. Underwriting Assn.*, 89 AD2d 865).

Upon renewal, Special Term adhered to its original determination refusing to vacate the default judgment. Under the totality of the circumstances here presented, the interest of justice is better served by vacating this inadvertent default and allowing appellants their day in court. The condition imposed should redress plaintiffs for any inconvenience suffered. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.