■ In the Matter of GERALD A. HARLEY et al., Appellants, v ASSESSOR OF THE TOWN OF HOOSICK et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered February 28, 1985 in Rensselaer County, which granted respondents' motion, in a proceeding pursuant to Real Property Tax Law article 7, to vacate a default judgment entered against them.

Petitioners, a group of property owners and taxpayers in the Town of Hoosick, Rensselaer County, commenced the instant proceeding pursuant to Real Property Tax Law article 7 to review the tax reassessment of their real property, alleging, *inter alia,* various fatal defects in the reassessment process, the unconstitutionality of the Real Property Tax Law and that respondents' grievance procedures violated the Open Meetings Law (Public Officers Law art 7). After respondents answered the petition, petitioners brought on a motion for summary judgment, to which response was made by opposing affidavit. Special Term's denial of the motion, on the ground that summary judgment is not available in a tax review proceeding, was reversed on appeal (80 AD2d 929, *appeal dismissed* 54 NY2d 754). Thereafter, petitioners renewed their motion before Special Term and, when respondents failed to appear or otherwise contest the motion, a default judgment was granted in favor of petitioners. Subsequently, respondents sought to have the default judgment vacated and Special Term granted the application. This appeal by petitioners ensued.

The vacatur of the default on petitioners' motion for summary judgment was, in our view, within the sound discretion of Special Term. Respondents' failure to oppose the motion

was attributable solely to the law office failure of their former attorney. Respondents' conduct throughout the course of the proceedings clearly establishes that they never intended to abandon their defense. Accordingly, the circumstances afforded a sufficient basis for Special Term to have concluded that there was a reasonable excuse for the default *(see, Waldron v La Guardia Med. Group,* 109 AD2d 792, 793; *Leogrande v Glass,* 106 AD2d 431, 432).

Moreover, respondents' submission of several affidavits of persons having firsthand knowledge of the facts relevant to respondents' various defenses was sufficient as a statement of potentially meritorious defenses to the petition, at least for purposes of opening their default to the motion for summary judgment and having that motion addressed by Special Term on its merits *(see, Saltzman v Knockout Chem. & Equip. Co.,* 108 AD2d 908). The legal issues argued by petitioners on appeal, regarding the merits of the parties' opposing positions in this proceeding, should be resolved in the first instance by Special Term on reconsideration of petitioners' motion.

While we thus uphold vacatur of respondents' default, we believe that the proper practice should have been to condition such vacatur on the payment by respondents of $750 to petitioners in redress for the expense and inconvenience suffered thereby.

Order modified, on the facts, without costs, by granting vacatur of the default judgment entered herein on condition that respondents pay $750 to petitioners within 30 days after service of a copy of the order to be entered upon this decision with notice of entry; matter remitted to Supreme Court for determination of petitioners' motion for summary judgment on the merits; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.