■ DEAN B. KENNEDY et al., Individually and Doing Business as SHENANIGAN'S BAR, Respondents, v HENRY HOLLAND, INC., Appellant, et al., Defendant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In opposing defendants' separate motions to dismiss pursuant to CPLR 3216, plaintiffs failed to submit an affidavit of merit or to present any excuse for their failure to file a note of issue within the 90-day demand period *(see,* CPLR 3216 [e]). We reject plaintiffs' claim that the verified complaint may be treated as the affidavit of merit. A verified pleading may serve as an affidavit of merit only where it sets forth evidentiary facts in such detail that it could defeat a motion for summary judgment *(Walker v Town of Lockport,* 109 AD2d 1102, *affd* 65 NY2d 840). The complaint in this case contains only conclusory assertions of liability against Broker's Marketplace, and fails to set forth any evidentiary facts supporting the claim that Henry Holland, Inc. was negligent in failing to examine the financial solvency of the insurer or that on the date of the underlying incident, Holland had breached its agreement by failing to obtain coverage. Moreover, the complaint was not submitted as an affidavit by plaintiffs; the complaint appeared in the record before Special Term as part of defendants' submission.

This court has repeatedly held that in the absence of justifiable excuse and an affidavit of merit, failure to grant an

unconditional dismissal of the complaint constitutes an abuse of discretion *(Charlotte Lake Riv. Assocs. v American Ins. Co.,* 130 AD2d 947, *lv denied* 70 NY2d 605; *McDonald v Song Mountain,* 125 AD2d 1006; *see also, Moran v Bertola,* 133 AD2d 513; *Skeet v Rashid,* 124 AD2d 1035; *Cox v Edmister,* 122 AD2d 557, *lv denied* 69 NY2d 603; *Walker v Town of Lockport,* 109 AD2d 1102, *affd* 65 NY2d 840, *supra).* We, therefore, modify the order to grant the motion to dismiss the complaint unconditionally. (Appeal from order of Supreme Court, Erie County, Ricotta, J.—dismiss complaint.) Present—Doerr, J. P., Denman, Balio, Lawton and Davis, JJ.