■ DEBORAH HASS et al., Respondents, v TOWN OF ORANGE-TOWN, Appellant, et al., Defendants.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered October 18, 1989 in Rockland County, which denied defendant Town of Orangetown's motion for summary judgment dismissing the complaint against it.

The question presented on this appeal is whether Supreme Court properly denied defendant Town of Orangetown's motion for summary judgment on the ground that the town failed to show it was entitled to such relief as a matter of law by tendering sufficient evidence to eliminate any material issues of fact. In our view the answer is in the negative. The order should therefore be reversed and the motion dismissing the complaint against the town granted.

On September 9, 1983 plaintiff Deborah Hass (hereinafter plaintiff) offered to take empty glass bottles belonging to defendant Joseph Francella, Sr. (hereinafter Francella) to Glenshaw Glass (hereinafter Glenshaw) for recycling. She left Francella's in a van owned by defendant Laurette Zuccarelli. Before embarking plaintiff observed that Francella had been working inside the front part of the van near the seat. Francella's 13-year-old son, Joseph Francella, Jr. (hereinafter Joseph), was a passenger in the front seat of the van.

On the way to Glenshaw the van stalled some four or five times. As plaintiff attempted to turn right into the driveway of Glenshaw, the steering mechanism failed and the vehicle went left instead of right and ended up on the grass. Plaintiff backed up to make the turn again. Joseph said that the only time the van was difficult to turn was when it stalled because the power steering went out. Glenshaw refused to accept the glass. Because the van was disabled, plaintiff called Francella's garage for alternate transportation but was told no one was available. She decided to return in the van. Before exiting from Glenshaw's parking area, the van again stalled and plaintiff told Joseph that the brakes weren't working properly. He suggested that she try them in the parking lot, but she told him not to worry, that she was "a good driver".

Plaintiff turned left from Glenshaw onto Mountainview Road. She testified that she does not recall anything of the accident after this point. Joseph testified that about a minute after they turned onto Mountainview Road the van stalled and that they were going down the road. They had been going about 25 to 30 miles per hour before it stalled. Joseph further testified that as soon as plaintiff put her foot on the brake she got nervous and started screaming "jump". He saw her right leg moving up and down trying to push the brake pedal at this time. He then looked over at her and she jumped out of the van. After that the van struck a tree or a pole.

Plaintiff claimed in her amended bill of particulars that the town permitted a road defect to exist on Mountainview Road and that the defect was a proximate cause of the accident together with the mechanical defects in the van. In its motion for summary judgment, the town alleged that plaintiff jumped out of the van when the brakes failed and before the van went off the road. In response, plaintiff's attorney submitted an affidavit describing the accident as follows: "When the car stalled, the power steering was lost. The loss of control of the vehicle caused the right wheels to drive off the paved portion of the road and drop to a rutted road shoulder below the pavement grade. The drop-off caused a fracture of the ball joint and brake line, leaving the plaintiff with no steering and no brakes." Absent is an affidavit from a mechanic or other qualified expert describing the cause of the fracture of the ball joint and brake line and its significance. There is no affidavit ruling out ordinary wear and tear or rust as a cause of the alleged fracture. No expert evidence was presented that the alleged drop-off could have caused the fracture. Nor is there any expert evidence that the shoulder itself or the low grade

prevented the return of the van to the paved roadway rather than the failure of the power steering or some other cause. Upon this statement of facts, Supreme Court could only surmise and speculate that the drop-off in the shoulder from the paved portion of the roadway caused the alleged fracture of the ball joint and brake line. There is no competent evidence to support that conclusion.

The unsworn statement signed by Bruce Thiel, listed as a witness on the police report of the accident, does not provide any assistance in resolving what caused the accident since the right front tire was already traveling on the shoulder off the pavement when Thiel first observed the van. Thiel said the tire was "flopping" but he did not observe the condition of the tire or wheel before it went onto the shoulder.

Considering all the evidence submitted on this motion, it appears that the town did establish a prima facie defense. The proof established that the van went off the roadway after plaintiff lost control of the steering and brakes and struck the tree or pole. There is no evidence that the drop-off caused the fracture to the ball joint and brake line or that plaintiff was prevented from returning the van to the roadway because of the low grade of the shoulder. It has not been shown that the negligence of the town, if any, contributed to the happening of the accident. The town's motion should therefore have been granted *(see, Zuckerman v City of New York,* 49 NY2d 557, 562-563; *see also, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). A motion for summary judgment may not be defeated by arguments and contentions based upon surmise, conjecture and suspicion *(see, Shaw v Time-Life Records,* 38 NY2d 201, 207; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 63; *Grieshaber v City of New Rochelle,* 113 AD2d 821). Plaintiff failed to submit proof that a road defect was a contributing cause of plaintiff's injuries and damages *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 342-343; *see also, Lynch v Aer Lingus/Irish Intl. Airlines,* 81 AD2d 508).

Order reversed, on the law, without costs, motion granted, summary judgment granted to defendant Town of Orangetown and complaint dismissed against said defendant. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.