■ MARK SCHUMAN et al., Respondents, v RAYMOND CORPORATION, Appellant.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: It is well settled that, absent demonstration of a meritorious cause of action and justifiable excuse for the failure to file a note of issue within the 90-day period, it is an

abuse of discretion to deny a CPLR 3216 motion to dismiss for lack of prosecution (*see, Cox v Edmister,* 122 AD2d 557, *appeal dismissed* 68 NY2d 900; *MacLeod v Nolte,* 106 AD2d 860). Absent a showing that defendant deliberately denied or obstructed discovery, plaintiffs' delay in obtaining discovery does not constitute a justifiable excuse for the failure to file a note of issue within the 90-day period or the failure to move for an extension of time (*see, Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552, 553; *Mason v Simmons,* 139 AD2d 880, 881; *CIC Intl. v Swiss Bank Corp.,* 121 AD2d 219, 220-221). The suggestion by plaintiffs' attorney of record in Buffalo that he thought that a Pennsylvania attorney would file the note of issue is not persuasive. The Pennsylvania attorney had no communication with defendant or its attorney during the pendency of this action for more than six years and did not participate in the belated discovery efforts.

Plaintiffs, in order to demonstrate the existence of a meritorious cause of action, were obliged to submit materials in the same evidentiary form as on a motion for summary judgment (*see, Walker v Town of Lockport,* 109 AD2d 1102, *affd* 65 NY2d 840; *MacLeod v Nolte,* 106 AD2d 860, *supra; Jones v First Fed. Sav. & Loan Assn.,* 101 AD2d 1005). Plaintiffs submitted an engineer's affidavit which opined that a crossbar on the forklift plaintiff was operating when injured was negligently designed, but plaintiffs failed to submit any proof showing how the accident occurred or that the crossbar was involved in the accident. Absent evidence that the crossbar was a contributing cause of the accident, plaintiffs failed to demonstrate the existence of a meritorious cause of action (*see, Hass v Town of Orangetown,* 163 AD2d 726, *lv dismissed* 77 NY2d 893). (Appeal from Order of Supreme Court, Cattaraugus County, Sprague, J.—Dismiss Complaint.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lowery, JJ.