■ CHITTENDEN FALLS REALTY CORPORATION, Appellant, v CRAY VALLEY PRODUCTS, INC., Respondent, et al., Defendants. [618 NYS2d 118] —Casey, J. Appeals (1) from an order of the Supreme Court (Cobb, J.), entered May 4, 1994 in Columbia County, which granted a motion by defendant Cray Valley Products, Inc. for partial summary judgment, and (2) from an order of said court, entered July 18, 1994 in Albany County, which, upon renewal, inter alia, adhered to its prior decision.

This action for declaratory relief arises out of a dispute over the ownership of certain machinery and equipment installed by defendant Cray Valley Products, Inc. (hereinafter defendant) in buildings owned by plaintiff, which defendant leased as the site for the production of resins and micronized products. When defendant opted not to renew the lease, plaintiff claimed that it was the owner of certain equipment and machinery in its premises. Defendant claims that the equipment and machinery are trade fixtures which belong to defen-

dant. It is the general rule that as between a landlord and tenant, machinery and equipment affixed to the leased premises by the tenant for the purpose of trade or manufacture carried on by the tenant remain personalty to the extent that the tenant retains the right to remove such trade fixtures, subject to the limitation that the removal must be accomplished without substantial or material injury to the freehold *(see, Matter of City of New York,* 192 NY 295, 301-302; *J.K.S.P. Rest. v County of Nassau,* 127 AD2d 121, 125-126; *East Side Car Wash v K.R.K. Capitol,* 102 AD2d 157, 162). Although the general rule can be altered by the parties' lease *(see, Melton v Fullerton—Weaver Realty Co.,* 214 NY 571, 575), the lease in this case provides that trade fixtures shall not attach to the freehold.

To meet the definition of a trade fixture, it must be shown that the property was annexed to the leased realty by the tenant for the purposes of the tenant's trade or business *(J.K.S.P. Rest. v County of Nassau, supra,* at 125). It is undisputed that defendant paid for all of the machinery and equipment, paid for its installation and used it to carry on its business. In support of its motion for summary judgment, defendant submitted the affidavit of an engineer who inspected the premises, prepared a detailed report and concluded that, with the exception of certain steel supports, the articles in dispute could be removed without causing any structural damage to the building. Plaintiff submitted the affidavit of its president, who constructed the buildings where the machinery and equipment are affixed. He alleges that the parties intended the machinery and equipment to be permanently installed in the buildings and that the disputed items cannot be removed without damaging the buildings. After Supreme Court granted defendant's motion, plaintiff moved for renewal and submitted the affidavit of an engineer who inspected the premises and concluded that the disputed items could not be removed from the premises without causing damage. Supreme Court adhered to its original decision, resulting in these appeals by plaintiff.

Although Supreme Court noted that in support of the motion for renewal plaintiff had failed to offer any excuse for not providing the engineer's affidavit upon the original motion, which is a ground for denying a motion to renew *(see, Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819), Supreme Court nevertheless concluded "upon renewal" that it would adhere to its prior decision to grant partial summary judgment to defendant. Thus, Supreme Court must be deemed

to have exercised its discretion to grant renewal *(see, Waldron v La Guardia Med. Group,* 109 AD2d 792) and, as is the case with an order granting reargument *(see, Marine Midland Bank v Fisher,* 85 AD2d 905), we conclude that the order entered upon renewal superseded the prior order. The appeal from the prior order must, therefore, be dismissed.

Plaintiff's president alleges that the parties' intent was that defendant would ultimately purchase the premises pursuant to the purchase option contained in the lease. Plaintiff concludes, therefore, that the parties must also have intended that all machinery and equipment be permanently installed in the premises, so there could be no trade fixtures. Plaintiff's conclusion is, however, contrary to the parties' intent as expressed in their lease which, as previously noted, specifically recognized that trade fixtures did exist and did not attach to the freehold. Accordingly, we are of the view that the only issue seriously in dispute is whether the machinery and equipment can be removed without causing substantial or material injury to the freehold.

It is clear from the affidavit of defendant's engineer that the removal process will be a substantial undertaking because of the size and weight of the machinery and equipment. The work will require the services of a professional, licensed rigger with proper equipment. It will entail the removal of sections of roof and sections of both interior and exterior walls. Despite the magnitude of the project, the engineer concluded that the structural integrity of the premises would not be compromised, and both the engineer and defendant's manager recognize that repairs to the roof, ceilings and walls to return the premises to their original condition are an integral part of the removal process. In these circumstances, we conclude that defendant satisfied its burden as the proponent of the summary judgment motion, which shifted the burden to plaintiff to present evidentiary proof in admissible form to establish the existence of a question of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562).

We agree with Supreme Court that the affidavits of plaintiff's president and its engineer are insufficient to meet plaintiff's burden. The allegations that the machinery and equipment will be damaged during removal are irrelevant, for the question is not whether removal will damage the trade fixtures but whether removal will cause substantial or material injury to the freehold *(see, Matter of City of New York, supra,* at 302). At most the affidavits confirm that the removal process will require the removal of sections of roof and that

holes will be cut in walls and floors. There is, however, nothing to contradict defendant's showing that any damage will be nonstructural and can be repaired as part of the removal process to return the real property to its original condition. The claims of potential damage by fire and/or explosion caused by sparks during the removal process are speculative, as they are unsupported by any evidence of the likelihood of a fire or explosion. Supreme Court, therefore, correctly granted partial summary judgment to defendant.

Crew III, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the appeal from the order entered May 4, 1994 is dismissed. Ordered that the order entered July 18, 1994 is affirmed, with costs.