■ DAVID J. MASON, Individually and as Executor of SAM MASON, Also Known as SOLOMON MOSKOWITZ or SAM MOSKOWITZ, Deceased, Appellant, v BETTIE E. MASON, Also Known as BETTIE C. MASON, Respondent. [657 NYS2d 214] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered March 15, 1996 in Sullivan County, which denied plaintiff's motion for summary judgment, and (2) from an order of said court, entered June 11, 1996 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

Decedent, Sam Mason, was hospitalized on September 6, 1993 for treatment of a terminal illness and died two days later. On September 7, 1993 defendant, the widow of decedent,

withdrew the balance ($28,557.46) of a money market savings account held in the names of decedent and defendant as joint tenants with right of survivorship. The estate was otherwise without assets.

Subsequently, plaintiff, the brother of decedent and executor of decedent's estate as well as the residuary testamentary beneficiary, commenced this action to recover moneys for administrative and funeral expenses which he allegedly incurred on behalf of the estate and for a $375 debt of the estate. Plaintiff next moved for summary judgment against defendant. Supreme Court denied the motion, noting plaintiff's failure to establish any legal basis for defendant's liability for the debt claimed.

Thereafter, defendant moved for summary judgment based on the papers she had submitted in answer to plaintiff's earlier motion for summary judgment. Plaintiff opposed her motion based on the papers which he had submitted on his earlier motion and also requested clarification of the earlier order denying his motion for summary judgment. Supreme Court granted defendant summary judgment dismissing the complaint. The court found that plaintiff had added nothing to the proof submitted on the earlier motion and had failed to establish any grounds for liability on the part of defendant. Plaintiff appeals from both orders.

Plaintiff's contention, that EPTL 1-2.4, 12-1.2 (a) and 13-1.3 (a) require that defendant pay the claims asserted because the assets of the estate are insufficient to do so due to defendant's withdrawal of the money from the joint marital bank account, is without merit. Plaintiff has not met his burden of showing his entitlement to judgment as a matter of law (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562). His claim that defendant's withdrawal from the joint savings account on September 7, 1993 was a "disposition" under EPTL 1-2.4 is incorrect. A disposition is defined as "a transfer of property by a person during his [or her] lifetime or by will" (EPTL 1-2.4). Here the transfer was made by defendant, not decedent, and thus the withdrawal was not a disposition within the meaning of EPTL 1-2.4.

Based on the fact that defendant did not receive a disposition, as a surviving spouse, of estate assets pursuant to the action in which plaintiff was seeking to hold her liable by reason of abatement, she met her burden of proving that she was entitled to judgment as a matter of law (see, Alvarez v Prospect Hosp., supra, at 324; Zuckerman v City of New York, supra, at 562; see also, CPLR 3212 [b]). Plaintiff, however, resting on the same papers which he had submitted in furtherance of his own

motion for summary judgment, failed to raise a triable issue of fact with regard to any of the alleged debts (*see, id.*). Accordingly, it is submitted that Supreme Court's grant of summary judgment in favor of defendant and dismissal of the complaint against her was appropriate.

Plaintiff's argument, that the grant of defendant's motion for summary judgment nullifies EPTL 1-2.4, 12-1.2 (a) and 13-1.3 (a) and encourages all debtors to act as defendant did, is not persuasive as defendant met her burden of proving that she was entitled to judgment as a matter of law (*see, id.*). Finally, plaintiff's argument, raised for the first time on appeal, that defendant's withdrawal of the balance was a fraudulent transfer pursuant to the Debtor and Creditor Law, is not preserved for our review (*see, Matter of Puff v Jorling*, 188 AD2d 977, 981; *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the orders are affirmed, with costs.