■ LDA CORPORATION et al., Appellants, v MERINGOFF PROPERTIES et al., Respondents. [736 NYS2d 221] —Order, Supreme

Court, New York County (Jane Solomon, J.), entered on or about August 31, 2000, which granted defendants' motion to dismiss the complaint for failure to prosecute, affirmed, with costs.

We reject plaintiffs' argument that plaintiff's letter dated September 27, 1996, confirming the adjournment of defendants' employee's deposition, upon the condition that plaintiffs' time to comply with defendants' CPLR 3216 90-day notice be extended without date, to allow plaintiffs to take such deposition constituted an abandonment by defendants of the 90-day notice. This action was almost nine years old when defendants informed plaintiffs, by letter dated February 10, 1998, that the settlement offer was unacceptable and that their employee was ready to be deposed at a mutually convenient time. Plaintiffs' failure, in response to defendants' subsequent motion to dismiss, dated May 18, 2000, to offer a reasonable excuse for their ensuing failure to continue or resume prosecuting the action for more than two years warrants dismissal of the action (*see, Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504-505; *Sortino v Fisher*, 20 AD2d 25, 29-30; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:29, at 656). Concur—Tom, J.P., Andrias, Buckley and Friedman, JJ.

Rubin, J., dissents in a memorandum as follows: While negotiations normally excuse a delay in filing a note of issue for only a limited period of time, the delay caused by defendants' duplicity concerning the deposition of a necessary witness is sufficiently extensive to constitute a waiver of their demand to file a note of issue. Furthermore, where, as here, failure to accede to discovery demands prevents the filing of a statement of readiness and note of issue, a reasonable excuse is presented; therefore, defendants' motion to dismiss the complaint pursuant to CPLR 3216 (a) should not have been entertained absent service of a new 90-day demand.

This action for intentional interference with contractual relations was commenced in July 1989. Issue was joined in October of that year. Defendants served plaintiffs with a demand to resume prosecution and file a note of issue on March 28, 1996. Plaintiffs experienced difficulty obtaining the appearance of a witness, Alan Fleisch, for deposition. A stipulation dated June 19, 1996 provides that "discovery will be extended an additional ninety (90) days beyond that which was originally prescribed by service of Defendants' Demand that Plaintiffs Notice Action for Trial up to and including the 1st day of October, 1996." However, the testimony of the witness could not be obtained

and, in a letter dated September 27, 1996, plaintiffs' attorney confirmed a telephone conversation in which "I agreed to your request to adjourn the deposition of Alan Fleisch * * * In return, you agreed to stipulate that the time for plaintiff to file a note of issue will be extended to allow plaintiff to take Mr. Fleisch's deposition [at] a subsequent time."

The record reflects that, on December 27, 1996, plaintiffs called defendants in an attempt to schedule the deposition but were told that another attorney at the firm had been assigned to the case and, therefore, further delay was necessary. In the course of 1997, several attempts to schedule the deposition were met with frustration. Ultimately, by letter dated September 26, 1997, plaintiffs were notified that "Alan Fleisch does not intend to appear for a deposition in this matter" and that defendants would "communicate a settlement demand to you in the near future." However, in a letter dated February 10, 1998, a "demand" by plaintiffs was rejected by defendants, whose attorney curiously represented that "Mr. Fleisch stands ready to be deposed at a mutually convenient time." Neither the deposition nor further settlement negotiations were forthcoming and, in September 1999, plaintiffs' attorney forwarded the file to another lawyer to "continue prosecution of this matter" with the understanding that "we will jointly coordinate the processing of the case."

Given the obstructiveness of defendants' tactics, the failure of plaintiffs' attorney to file the note of issue is, at most, "akin to law office failure, which can constitute a justifiable excuse" (*Pastore v Golub Corp.*, 184 AD2d 827, 828). More significantly, defendants' professed willingness to engage in negotiations following service of their demand to file a note of issue is indicative of waiver (*see, Donnell v Madison Ave.-53rd St. Corp.*, 214 AD2d 307). Finally, the subject motion to dismiss the action was filed in May 2000, over four years after defendants' service of the 90-day demand and two years after they again represented the willingness of Mr. Fleisch to appear for deposition. The extent of the delay in bringing the application together with defendants' obvious purpose in avoiding consideration of the merits by preventing the deposition of a necessary witness, renders the dismissal of the complaint inherently unfair (*Gibson v D'Avanzo*, 99 AD2d 766 [pendency of disclosure proceedings precludes filing note of issue]; *Schoenhals v Kissing Bridge Corp.*, 96 AD2d 711 [failure to answer interrogatories]; *cf., Schuman v Raymond Corp.*, 174 AD2d 1040, *lv denied* 78 NY2d 858 [no obstruction of discovery]). To reward such sharp practice is an improvident exercise of discretion, and, accordingly, the order should be reversed.