■ In the Matter of RGLL, INC., Petitioner, v ALEXANDER B. GRANNIS, as Commissioner of Environmental Conservation, Respondent. [935 NYS2d 345]—

Rose, J.

The Department of Environmental Conservation (hereinafter DEC) brought an enforcement proceeding against petitioner in January 2006 alleging that, as owner and operator of an underground storage tank (hereinafter UST) at a closed gas station, petitioner was in violation of ECL article 17 and its accompanying regulations even though petitioner was not the owner of the real property. When settlement negotiations failed, DEC amended the complaint to allege additional violations in September 2006. After a hearing, respondent determined that petitioner, as the owner and operator of the UST, was in violation of a number of regulations, ordered petitioner to permanently close and remove the UST, and assessed an aggregate fine of $68,800. Petitioner commenced this CPLR article 78 proceeding to vacate the order, and respondent counterclaimed to enforce it against petitioner.

Petitioner acknowledges that it owned and operated the UST until it closed the gas station in 2003, but claims that it abandoned the UST to the landlord at that point and, thereafter, had no responsibility for it. We are unpersuaded. An owner is defined as "any person who has legal or equitable title to a facility" (ECL 17-1003 [4]; see 6 NYCRR 612.1 [c] [18]), and the parties do not dispute that the UST is a facility (see ECL 17-1003 [1]; 6 NYCRR 612.1 [c] [10]). Further, an operator is defined as "any person who leases, operates, controls or supervises a facility" (ECL 17-1003 [3]; see 6 NYCRR 612.1 [c] [16]). The record evidence reveals that a company affiliated with petitioner leased the gas station property pursuant to a written lease commencing in 2000 and set to expire at the end of 2004. Petitioner installed the UST on the property and registered it as the owner in 1999. Petitioner took over operation of the gas station in 2001 and operated it until the station was closed in 2003. Petitioner informed DEC in February 2003 that it would be filing a temporary closure with respect to the

tank, and that it would maintain the monitoring system until it removed the tank at the end of the year. Petitioner filed a temporary closure application in March 2003, continued to monitor the tank from April 2003 through January 2006 and, in October 2006, again informed DEC that it would be removing the tank and filing an appropriate tank closure report. The evidence of petitioner's continued monitoring and control of the UST after 2003, and the lease provision that trade fixtures do not become the property of the landlord, together support respondent's determination that petitioner continued to own and operate the UST as a trade fixture (*see e.g. Chittenden Falls Realty Corp. v Cray Val. Prods.*, 208 AD2d 1114, 1115 [1994]).

Our review of petitioner's contention that the penalty is excessive is limited to whether it is "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974] [internal quotation marks and citation omitted]). Petitioner's reliance on DEC's penalty schedule and the disparity between the fine imposed and the initial offer to settle the matter with a $5,000 fine is misplaced. The penalty schedule is intended to provide guidance for settlement purposes only, and the fine imposed after the hearing reflected the amended charges as well as the finding of aggravating factors. As these findings are supported by record evidence, we cannot conclude that the fine is unreasonably excessive or shocking to one's sense of fairness (*see Matter of Longwood Assoc., LLC v New York State Dept. of Envtl. Conservation*, 71 AD3d 534, 535 [2010]; *Matter of New York Site Dev. Corp. v New York State Dept. of Envtl. Conservation*, 217 AD2d 699, 701 [1995]; *Matter of Puff v Jorling*, 188 AD2d 977, 981 [1992]).

There is merit, however, in petitioner's contention that respondent's order is overly broad in that it purports to be applicable to petitioner's officers, directors and employees in all capacities. As acknowledged by respondent, DEC would have to prove a factual and legal basis for imposition of individual liability and, as DEC did not allege or prove any such basis here, respondent's order may not include petitioner's officers, directors or employees (*see e.g. State of New York v Robin Operating Corp.*, 3 AD3d 769, 771 [2004]). Respondent is otherwise entitled to enforcement of the order (*see Matter of State of N.Y. Dept. of Correctional Servs. v Kinsella*, 220 AD2d 19, 26 [1996]; *Matter of Puff v Jorling*, 188 AD2d at 981).

Mercure, A.P.J., Peters, Spain and Kavanagh, JJ., concur.

Adjudged that the determination is modified, without costs, by annulling so much thereof as applies to petitioner's officers, directors and employees; respondent's counterclaim for enforcement granted; and, as so modified, confirmed.